Jennifer C. Hayes, State Bar No. 197252
McKENNA LONG & ALDRIDGE LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: 415.267.4000
Facsimile: 415.267.4198
jhayes@mckennalong.com

Attorneys for Barry Milgrom,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>DAVID WILLIAM BARTENWERFER<br>and<br>KATE MARIE BARTENWERFER<br>*aka* KATE MARIE PFENNINGER,<br><br>Debtors. | Case No. 13-30827 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel |
| BARRY MILGROM, Trustee in Bankruptcy,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WILLIAM BARTENWERFER<br>and<br>KATE MARIE BARTENWERFER<br>aka KATE MARIE PFENNINGER,<br><br>Defendants. | Adversary Proceeding No.<br><br>**COMPLAINT FOR JUDGMENT REVOKING DISCHARGE** |

Plaintiff Barry Milgrom, Trustee in Bankruptcy of the estate of the above Debtors, alleges as follows:

1. On April 8, 2013, David William Bartenwerfer and Kate Marie Bartenwerfer (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff has been appointed Trustee in Bankruptcy of the Debtors' Chapter 7 estate.

1

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

3. This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (J).

4. Venue is proper under 28 U.S.C. § 1409.

5. Plaintiff is informed and believes that the defendant Debtors are individuals who reside in San Francisco, California, and who commenced the above bankruptcy case by filing a voluntary Chapter 7 petition.

6. When the Debtors filed their Chapter 7 petition, they filed a Schedule B that disclosed ownership of various personal property, including "McKessor" stock. On information and belief, the stock listed in Debtors' Schedule B is "McKesson" stock, including but not limited to stock received by Ms. Bartenwerfer pursuant to an employee stock participation program and held or managed by Merrill Lynch (the "Merrill Lynch Account"). Schedule B lists the stock as restricted and unvested with a value of $0.

7. On information and belief, at the 341 meeting of creditors Ms. Bartenwerfer provided an account statement to the Trustee showing vested McKesson stock in the Merrill Lynch Account as of the petition date in the sum of $32,025.63.

8. On information and belief, the Merrill Lynch Account is not a retirement account. Although Debtors valued the Merrill Lynch Account as $0, Debtors claimed a grubstake exemption in the account of $23,073.90.

9. Despite repeated requests, the Debtors refused to turnover Merrill Lynch account statements showing the value or total amount of the Debtor's stocks and/or options held at Merrill Lynch. Debtors have provided only select account statements from the Merrill Lynch Account.

10. The Debtors' Schedules list their residence as 1408 Douglass Street, San Francisco, California. On information and belief, at the 341 meeting of creditors one or both Debtors testified that they pay $2,400 per month to rent a property located at 2210 33rd Avenue, San Francisco, California (the "Rental Property"). The Rental Property is not listed in the Debtor's

schedules.

11. On information and belief, Debtors testified at the 341 meeting of creditors that they use the Rental Property for family when they are in town, and that the Debtors pay monthly rent and other expenses related to the Rental Property.

12. On information and belief, the Debtors use an inheritance received by Ms. Bartenwerfer to pay the monthly rent and expenses for the Rental Property.

13. The Debtors did not list the inheritance in their schedules.

14. On October 10, 2013, the Trustee filed an Ex Parte Motion to Compel Compliance with 11 U.S.C. § 521 (the "521 Motion").

15. On October 16, 2013, the Court entered an order granting the 521 Motion (the "521 Order").

16. Plaintiff caused the 521 Order to be served on the Debtors via their counsel of record on October 16, 2013.

17. The 521 Order requires the Debtors to provide documents regarding the Merrill Lynch Account and the inheritance, and to provide documents and information regarding the Rental property within 15 days of service of the 521 Order. The 15th day after service of the 521 Order was October 31, 2013. The Debtor did not provide documents and information required by the 521 Order by the deadline.

18. On October 30, 2013, counsel for the Trustee wrote to counsel for the Debtor reminding him of his obligation to provide the documents and information required by the 521 Order.

19. On November 5, 2013, Debtors provided a copy of their lease of the Rental Property.

20. Debtors still have not complied with the 521 Order in multiple respects, including: (a) failing to provide documents relating to the Merrill Lynch Account and the inheritance; (b) failing to provide information and documents regarding the Rental Property; and (c) failing to provide a declaration explaining the disposition of documents that no longer exist.

21. Plaintiff is informed and believes that the Debtors received the 521 Order and have

3

refused to comply with it.

22. The Debtors' discharge was entered on August 12, 2013.

**FIRST CLAIM FOR RELIEF**
**Revocation of Discharge**
**11 U.S.C. § 727(d)(3); (a)(6)**

23. Plaintiff realleges the allegations set forth in paragraphs 1 through 22 above and incorporates them by reference.

24. The Debtors have refused in this bankruptcy case to obey this Court's 521 Order compelling them to comply with their obligations under 11 U.S.C. § 521 to cooperate with the Trustee and surrender property, and have refused to provide documents, information, and a declaration ordered by the Court.

WHEREFORE Plaintiff requests entry of judgment revoking the Debtors' discharge.

**REQUEST FOR JUDGMENT**

WHEREFORE, Plaintiff requests judgment as follows:

A. On Plaintiff's first claim for relief, entry of judgment revoking the Debtors' discharge under 11 U.S.C. §727(d)(3) and (a)(6).

B. For costs of suit.

C. For other relief the Court deems appropriate.

DATED: December 20, 2013        Respectfully submitted,

McKENNA LONG & ALDRIDGE LLP


By:      /s/Jennifer C. Hayes, Esq., CSBN 197252
         Jennifer C. Hayes
         Attorneys for Barry Milgrom,
         Plaintiff and Trustee in Bankruptcy

USW 804058278.1